CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 28 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:13-cr-00072 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RASEAN BARKER, | ) | By: Michael F. Urbanski |
| Petitioner. | ) | United States District Judge |

Resean Barker, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government has filed a motion to dismiss, and the time allotted for Barker to respond has elapsed, making this matter ripe for consideration. After reviewing the record, the court concludes that the government's motion to dismiss must be granted and Barker's § 2255 motion must be dismissed as untimely.

### I.

On September 26, 2013, a federal grand jury charged Barker with conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 ("Count One") and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) ("Count Two").

Barker pleaded guilty to both counts pursuant to a written plea agreement. The Presentence Investigation Report ("PSR") recommended a total offense level of 31 because Barker qualified as an armed career criminal under The Armed Career Criminal Act ("ACCA"), 18 U.S.C. §§ 922(g) and 924(e). PSR ¶ 18, ECF No. 38. Without the armed career criminal designation, Barker's total offense level would have been 25, which included a four-level enhancement for possession of a firearm. Id. ¶¶ 13, 17. The PSR listed the

following prior felony convictions to support the armed career criminal enhancement; a conviction on March 30, 2011 for possession of marijuana with intent to distribute and convictions on November 18, 2011 of four counts of distribution of marijuana. Id. ¶¶ 26, 27. The PSR recommended a criminal history category of VI because Barker qualified as an armed career criminal, resulting in a guideline imprisonment range of 188 to 235 months. Id. ¶ 49. In addition, as an armed career criminal, he was subject to a mandatory statutory sentence of 15 years to life on Count Two. 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1).

The court sentenced Barker to a total of 180 months' imprisonment on both counts, to be served concurrently, and his judgment was entered on May 5, 2014. Barker did not appeal. On February 26, 2016, Barker filed this § 2255 motion alleging that the district court imposed an unconstitutional sentence in light of Johnson v. United States, 135 S. Ct. 2551, 2563 (2015).

The court appointed the Federal Public Defender's Office to represent Barker and provide supplemental briefing, if necessary, in light of Johnson, pursuant to Standing Order 2015-5. Subsequently, the Federal Public Defender's Office declined to file additional pleadings and filed a motion to withdraw as counsel, which the court granted. Notice of No Additional Filing at 1, ECF No. 52; Order, ECF No. 53.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

2

28 U.S.C. § 2255(a). Barker bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

A petition under § 2255 must adhere to strict statute of limitations requirements. A person convicted of a federal offense must file a § 2255 motion within one year of the latest date on which:

> (1) the judgment of conviction becomes final;
>
> (2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Barker filed his petition on February 26, 2016, more than one year after his final judgment was entered on May 5, 2014. As such, his claims are untimely under § 2255(f)(1). Barker's petition is also untimely under § 2255(f)(3). The Supreme Court's decision in Johnson, which was issued on June 26, 2015, announce a new rule of constitutional law that applies retroactively. Welch v. United States, 136 S. Ct. 1257, 1268 (2016). However, Johnson does not affect Barker's case, and so his petition does not fall within the § 2255(f)(3) exception.

Barker claims that he no longer qualifies as an armed career criminal under the ACCA and, therefore, is not subject to a fifteen-year mandatory minimum sentence for Count Two. This claim is unavailing.

3

Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, when defendants have three or more prior convictions for a "serious drug offense" or "a violent felony,"[1] the ACCA increases their punishment to a minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines a "serious drug offense" as a drug-related offense under state law that is punishable by a maximum term of imprisonment of ten years or more. 18 U.S.C. § 924(e)(2)(A).

In Johnson, the Supreme Court limited the definition of a "violent felony."[2] However, the Johnson decision had no effect on the definition of a "serious drug offense." See Johnson, 135 S. Ct. at 2563 (noting that other than the residual clause, the remaining ACCA definitions were "not call[ed] into question").

Barker has the requisite three qualifying serious drug offenses. On March 30, 2011, Barker was convicted of Possession of Marijuana with Intent to Distribute, a Class 5 Felony[3] in violation of Virginia Code § 18.2-248.1, and sentenced to two years in the Virginia

---

[1] The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that —
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

[2] The Supreme Court struck down the "residual clause" in the violent felony definition that "involves conduct that presents a serious potential risk of physical injury to another" on vagueness grounds. Johnson, 135 S. Ct. at 2563.

[3] In Virginia, a Class 5 Felony is punishable by a term of imprisonment of not less than one year nor more than 10 years. Va. Code § 18.2-10(e).

4

Department of Corrections, with all but 30 days suspended. ECF No. 38, at ¶ 26. On November 18, 2011, Barker was convicted of four separate counts of distribution of more than one-half ounce but less than five pounds of marijuana, in violation of Virginia Code § 18.2-248.1, also Class 5 felonies, and was sentenced to four consecutive terms of two years imprisonment, with one year and eight months suspended on each conviction. ECF No. 38, at ¶ 27.[4] Because Barker's criminal record establishes that he has at least three prior convictions for drug offenses punishable by up to 10 years' imprisonment, the court properly designated him as an armed career criminal and Johnson is inapplicable. As a result, Barker's motion is untimely.

III.

For the reasons stated, the court grants the government's motion to dismiss. Because Barker has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

ENTER: This 27 day of October, 2016.

/s/ Michael F. Urbanski
United States District Judge

---

[4] Although Barker was sentenced on the same date, November 18, 2011, in the same sentencing order for each of the four separate marijuana distribution felonies occurring on different dates, October 25, 2010, February 11, 2011, February 17, 2011 and February 22, 2011, each of the four convictions are counted as separate serious drug offenses under the ACCA. United States v. Letterlough, 63 F. 3d 332, 337 (4th Cir. 1995)("[E]ach of Letterlough's drug sales was a complete and final transaction, and therefore, an independent offense."); United States v. Vanhook, 495 F. App'x 308, 310 (4th Cir. 2012)(Three cocaine sales on three different days separated by approximately one to two weeks were properly treated as "occurring on different occasions, and thus proper ACCA predicates.").