CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 08 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:13-cr-00072 |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| RASEAN BARKER, | ) | By: Michael F. Urbanski |
| Petitioner. | ) | United States District Judge |

This matter comes before the court on remand from the United States Court of Appeals for the Fourth Circuit following this court's dismissal of Resean Barker's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 as untimely. The court failed to address a new claim that Barker raised in his reply brief in response to the government's motion to dismiss regarding the maximum sentence that he faced for his drug conviction. Accordingly, the court considers that issue here, and concludes that Barker is entitled to be resentenced.

I.

On September 26, 2013, a federal grand jury charged Barker with conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(D) ("Count One") and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) ("Count Two").

Barker pleaded guilty to both counts pursuant to a written plea agreement. The Presentence Investigation Report ("PSR") recommended a guideline imprisonment range of 188 to 235 months because Barker qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §§ 922(g) and 924(e). PSR ¶ 18,49, ECF No. 38.

The court sentenced Barker to a total of 180 months' imprisonment on both counts, to be served concurrently.[1] Barker did not appeal. Barker filed a § 2255 motion alleging that the court imposed an unconstitutional sentence in light of Johnson v. United States, 135 S. Ct. 2551, 2563 (2015). In his reply, Barker asserted a new claim, that he was sentenced above the statutory maximum for Count One. In an October 28, 2016 Order, the court dismissed Barker's § 2255 motion as untimely, concluding that he was properly sentenced as an armed career criminal. ECF No. 60. However, the court did not address the claim that Barker raised in his reply regarding the sentence imposed on Count One. Barker appealed the dismissal of his § 2255 motion to the Fourth Circuit Court of Appeals. Noting that this court did not address the "new claim regarding the statutory maximum sentence for his drug offense" raised in Barker's reply, it remanded for consideration. United States v. Barker, 692 F. App'x 724 (4th Cir. 2017) (unpublished).

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Barker bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Barker's sentence for Count One was imposed in violation of the laws of the United States. For a drug conviction under 21 U.S.C. §§ 846 and 841(b)(1)(D), the maximum term

---

[1] The honorable Samual G. Wilson conducted the sentencing hearing. Judge Wilson has now retired and so the case was assigned to the undersigned.

2

of imprisonment that Barker could have faced was five years, or 60 months. 21 U.S.C. §§ 841(a) and (b)(1)(D). For Count Two, a conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), he faced a statutory minimum of 15 years or 180 months. 18 U.S.C. § 924(e). Yet, Barker was sentenced to a concurrent term of 180 months' incarceration on both counts.

For the reasons set forth in the court's January 5, 2017 Memorandum Opinion, Barker's sentence of 180 months on Count Two was proper and he has not raised a valid claim under Johnson v. United States, 135 S. Ct. 2551 (2015). Although Barker's sentence on Count One was above the statutory maximum, he is entitled to be resentenced on Count One only if his § 2255 petition was timely filed. A § 2255 petition must adhere to strict statute of limitations requirements. A person convicted of a federal offense must file a § 2255 motion within one year of the latest date on which:

   (1) the judgment of conviction becomes final;

   (2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

   (3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Barker did not file within one year of his final judgment, which was entered on May 5, 2014, and so his claims are untimely under § 2255(f)(1). Barker's petition is also untimely under § 2255(f)(3), explained in the court's January 5, 2017 Memorandum Opinion. The

3

other two subsections also do not apply as Barker makes no claim—nor could he—that the government in some way impeded his ability to challenge his sentence or that the fact of his sentence could not have been discovered previously.

An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). Generally, to benefit from equitable tolling, a petitioner must demonstrate both that he has diligently been pursuing his rights and that extraordinary circumstances prevented him from filing within the limitations period. Holland v. Florida, 560 U.S. 631, 649 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). The flexibility inherent in equitable procedures allows a court "to meet new situations which demand equitable intervention, and to accord all the relief necessary to correct . . . particular injustices." Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 248 (1944). Here, the court concludes that extraordinary circumstances exist sufficient to allow for relief. See United States v. Pregent, 190 F.3d 279 (noting that relief under § 2255 may be afforded when a defendant was sentenced above the statutory maximum).

Accordingly, because the court erred by sentencing Barker to 180 months on Count One—a sentence above the statutory maximum of 60 months—he is entitled to be resentenced on that count.

## III.

For the reasons stated, the court grants Barker's motion for relief under 28 U.S.C. § 2255 and denies the government's motion to dismiss.

ENTER: This 8th day of November, 2017.

/s/ Michael F. Urbanski
United States District Judge